IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANDY PHILIP KONTY,

                 No. 10 CV-320 MO

        Plaintiff,

                 OPINION AND ORDER

v.

LIBERTY LIFE ASSURANCE CO. OF
BOSTON,

        Defendant.

MOSMAN, J.,

        Plaintiff Andy Philip Konty, appearing *pro se,* submitted a Motion to Remand (#9) his

suit to recover legal fees back to small-claims court. Defendant Liberty Life Assurance Co. of

Boston ("Liberty Life") filed a Motion to Dismiss (#10) Mr. Konty's suit to recover legal fees

incurred during his administrative appeal to reinstate his disability benefits from Liberty Life.[1]

For the reasons set forth below, I DENY the Motion to Remand and GRANT the Motion to

Dismiss.

## BACKGROUND

        Mr. Konty is a participant in the Lowe's Companies Inc., Group Long Term Disability

Policy, which is administered by Liberty Life. (Notice of Removal (#1) Ex. B ¶ 1.) Mr. Konty

---

[1] Mr. Konty filed a Sur-Reply to Liberty Life's Motion to Dismiss (#19) without leave of
court. Liberty Life subsequently filed an objection (#20), which this Court considers moot in
light of its decision.

PAGE 1 - OPINION AND ORDER

submitted a claim for long-term disability benefits to Liberty Life that was initially denied. (Pl.'s

Mot. to Remand (#9) 6.) Mr. Konty hired an attorney to represent him during his appeal of

Liberty Life's denial of his disability claims. Subsequently, Liberty Life overturned the denial and

reinstated payment of benefits. (Pl.'s Mot. to Remand (#9) 5.)

Mr. Konty filed a claim against Liberty Life in the Circuit Court for the State of Oregon,

Small Claims Department to recoup $5,053.10 in legal fees incurred in the appeals process.

(Compl. ¶ 3.) Liberty Life removed the case to this Court, arguing that Mr. Konty's state law

claim for legal fees was preempted by the Employee Retirement Income Security Act ("ERISA").

(Notice of Removal (#1) ¶ 7.) Mr. Konty filed a Motion to Remand Case to State Court, asserting

that the Small Claims Department would provide a more equitable forum due to the nature and

amount of the claim. (Pl.'s Mot. to Remand (#9) ¶ 3.)

## DISCUSSION

### I. Jurisdiction

#### A. *Applicable Jurisdictional Principles*

An action filed in state court may be removed to federal court if the federal court would

have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant

seeking removal of a civil action from state court must file a notice of removal "in the district

court of the United States for the district and division within which such action is pending." *Id.* §

1446(a).

"A motion to remand is the proper procedure for challenging removal." *Davidson v. Arch

Chem. Specialty Prods., Inc.*, 347 F. Supp. 2d 938, 941 (D. Or. 2004) (citation omitted). In

analyzing a motion to remand, federal courts begin with "a fundamental tenet of federal

PAGE 2 - OPINION AND ORDER

jurisdiction–the 'well pleaded complaint' rule." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Under the "well-pleaded complaint" rule, whether a case arises "under a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . ." *Lippitt v. Raymond James Fin. Serv., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

If a claim arising under federal law is not evident from a plaintiff's "well-pleaded complaint," the court must apply the "artful pleading" doctrine. *Id.* at 1041. This doctrine provides that "[a]lthough the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal laws that are essential to the establishment of his claim." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389 (9th Cir. 1989) (quoting *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987). The "artful pleading" doctrine allows a court to recharacterize a plaintiff's state law claim as a federal claim in two different cases: (1) where federal law completely preempts state law or (2) where a state law claim involves a substantial federal question. *Lippitt*, 340 F.3d at 1042.

**B.    *ERISA Preemption of State Law and Subject Matter Jurisdiction***

Liberty Life contends that this Court has subject matter jurisdiction because Mr. Konty's claim for legal fees is preempted by ERISA. (Def.'s Resp. to Pl.'s Mot. to Remand (#12) ¶ 6.) Section 514(a) of ERISA promotes the uniform federal regulation of employee benefit plans by preempting a state law cause of action that "relates to" an "employee benefit plan," subject to limited exceptions. 29 U.S.C. § 1144(a); *Ward v. Mgmt. Analysis Co.*, 135 F.3d 1279, 1287 (9th Cir. 1998), *aff'd in part, rev'd in part,* 526 U.S. 358 (1999). If Mr. Konty's claim for legal fees relates to an employee benefit plan, then it is preempted by ERISA and his claim arises under

PAGE 3 - OPINION AND ORDER

federal law. *See* 18 U.S.C. § 1331; 29 U.S.C. § 1332(e)(1).

Although it is unclear what specific state law provides the basis for Mr. Konty's claim, Mr. Konty is seeking relief relating to his claim for disability benefits he sought as part of an employee welfare benefit plan. (Compl. ¶ 3.) Therefore, Mr. Konty's claim for legal fees is preempted by ERISA. Under ERISA, the term "employee welfare benefit plan" means "any plan, fund or program" that is "established or maintained by an employer or by an employee organization" to provide to "employees 'medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability [or] death.'" *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 732 (1985) (quoting 29 U.S.C. § 1002(1)). Under the definition of "employee welfare benefit plan," ERISA covers the disability plan provided by Mr. Konty's employer.

In addition, Mr. Konty's claim for legal fees is related to his administrative appeal of the initial denial of his disability claims under an ERISA-covered plan. "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). A state law may relate to a benefit plan even if the law "is not specifically designed to affect such plans, or the effect is only indirect." *Id.* Because Mr. Konty's state claim for legal fees "relates to" his prior claim for disability benefits, his claim is preempted by ERISA.

This Court has proper jurisdiction over Mr. Konty's cause of action to recover legal fees because ERISA preempts state law and creates subject matter jurisdiction for federal courts. Under ERISA, federal courts have exclusive jurisdiction over all civil actions brought by employee benefit plan participants. 29 U.S.C. § 1332(e)(1). When a court has proper

PAGE 4 - OPINION AND ORDER

jurisdiction, it does not have the discretion to refuse jurisdiction. *Cohens v. State of Va.*, 19 U.S. 264, 404 (1821) (stating that the federal judiciary "has no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.") Thus, remand is improper, and this Court has jurisdiction over Mr. Konty's claim.

## II. **Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted**

### A. *Standard of Review*

The court shall grant a motion to dismiss if a complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court must accept as true the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

### B. *Existence of a Claim for Remedy Under ERISA*

Liberty Life argues that Mr. Konty's claim for legal fees[2] is not authorized by ERISA because they were incurred during the administrative appeals process in response to Liberty Life's initial denial of his disability benefit. (Def.'s Mot. to Dismiss (#10) ¶ 6.) Under the general rule regarding legal fees, known as the American rule, prevailing parties are not allowed to recover

---

[2] In Mr. Konty's complaint, he indicates a "loss of income" resulting from "legal and related expenses." (Compl. ¶ 3.) Liberty Life contends that Mr. Konty seeks two types of relief: "loss of income" and "legal fees." (Def.'s Mot. to Dismiss (#10) ¶ 7.) The Statement of Account from Mr. Konty's lawyer reflects a 30% contingency fee and miscellaneous costs, including printing and faxing, that were deducted from his disability benefit. (Pl.'s Mot. to Remand (#9) 8.) Since Mr. Konty's legal fees were deducted from the disability income owed by Liberty Life, this Court will treat "loss of income" and "legal fees" as the same form of requested relief.

legal fees unless a statute authorizes recovery. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 240 (1975). ERISA does allow courts, in its discretion, to award "in any action . . . reasonable attorney's fees and costs . . . to either party." 18 U.S.C. § 1132(g)(1). The Ninth Circuit however, has construed this ERISA provision as limiting the award of legal fees to those incurred during formal judicial proceedings, as opposed to those incurred in the administrative phase of the appeals process. *Cann v. Carpenter's Pension Trust Fund for N. Cal.*, 989 F.2d 313, 316 (9th Cir. 1993). Since Mr. Konty's legal fees were incurred in an administrative proceeding prior to filing suit in court, relief is unavailable under ERISA. Therefore, I grant Liberty Life's Motion to Dismiss.

I recognize my decision leaves Mr. Konty with no remedy; however, there are valid policy reasons for limiting the award of legal fees under ERISA. For example, one of Congress's purposes in enacting ERISA was to promote "the soundness and stability of plans with respect to adequate funds to pay promised benefits." *Id.* at 317 (citing 29 U.S.C. § 1001(a)). This purpose may be potentially undermined if benefit plans felt they had to pay questionable claims in order to avoid the threat of legal fees from administrative proceedings. *Id.*

///

///

///

///

///

///

///

PAGE 6 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I DENY Mr. Konty's *pro se* Motion to Remand (#9) and

GRANT Liberty Life's Motion to Dismiss (#10).

IT IS SO ORDERED.

DATED this **24** day of June, 2010.

MICHAEL W. MOSMAN
United States District Court

PAGE 7 - OPINION AND ORDER